*FILED*

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 1 1 2020

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.

CR 20-MJ-394

STACEY YELLOWHORSE, et all..,

Defendant.

## ORDER ALLOWING POSSESSION & USE OF LAPTOP COMPUTER

This Matter, having come before the Court on Defendant's Joint and Unopposed Motion for a Laptop Computer (Doc. 27) and the Court having considered the Motion and finding it well taken;

HEREBY ORDERS that the United States Marshall Services and the detention facilities in which defendants, Stacey Yellowhorse and Timothy Chischilly are detained by the Order of the United States District Court of New Mexico, permit said defendants to possess and use a computer or tablet with appropriate charging cable.  The Court further ORDERS as follows:

1. The Computer must be password-protected.  Defense counsel will have the responsibility of procuring and preparing the Computer. The Computer will not have access to the internet nor will it have Wi-Fi capability.  Furthermore, any camera on the Computer will be disabled. The Computer will also be subject to any reasonable security demands of the United States Marshals Service or its designee. Prior to the Computer being provided, it shall be provided to the Marshals Service for inspection to ensure that it meets the above criteria and all reasonable security demands.

2.  Once the Computer is determined to meet the necessary security requirements, government discovery materials may be loaded onto it. The Computer may also be updated at regular intervals as additional government discovery materials are disclosed. The content of the Computer will be limited such that it will only allow Ms. Yellowhorse and Mr. Chischilly to view and review the discovery in this case, including audio/video files, pictures, and documents. Defendants are only permitted to use the Computer to review such discovery; any other use of the Computer is prohibited. This does not preclude the defense team from loading investigative materials relevant to the case on the computer for purposes of the defense. These materials will retain any work product privilege normally afforded by law.

3.  Failure to comply with these conditions, and any of the other conditions imposed by this Order, may result in the revocation of access to the Computer.

4.  Defendants cannot be forced to unlock and display the contents of their computers to anyone other than defense counsel or persons associated with the defense, with the exception that either detention facility personnel or the U.S. Marshalls Services may conduct periodic inspections of the computers to ensure that no impermissible modifications have been made. Any such review is limited to a review for impermissible modifications or use of the computer.

IT IS SO ORDERED.

United States Magistrate Judge

2